IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK14-80246 |
| MICHAEL JOSEPH SMITH and ) | A14-8041 |
| BRANDY LEE SMITH, ) | |
| ) | CHAPTER 13 |
| Debtor(s). ) | |
| MICHAEL JOSEPH SMITH and ) | |
| BRANDY LEE SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| GREEN TREE SERVICING, LLC, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is before the court on the plaintiff-debtors' motion for summary judgment (Fil. No. 5). No objection was filed. Ronald A. Hunter represents the debtors. No appearance has been made for the defendant. Evidence was filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

This adversary proceeding was filed to avoid a junior lien on the debtors' real property.

The following facts are uncontroverted:

1. The plaintiffs are the debtors in this Chapter 13 proceeding.

2. The plaintiffs are the owners of real property legally described as Lot 22, Block 27, Maple Village, an addition to the City of Omaha, Douglas County, Nebraska, commonly known as 9640 Sprague Street, Omaha, Nebraska 68134.

3. The above-described property has at all relevant times been the personal residence of the plaintiffs herein.

4. HSBC Mortgage Services, Inc. holds the first lien against the real property in the approximate amount of $137,400.84 by virtue of a deed of trust recorded on August 7, 2006. MERS as nominee for M&I Bank assigned the deed of trust to HSBC Mortgage Services, Inc. on June 20, 2014.

5. Green Tree Servicing, LLC holds the second lien against the property in the approximate amount of $34,143.11 by virtue of a deed of trust also recorded August 7, 2006, subsequent to the

above-referenced deed of trust. MERS as nominee for M&I Bank assigned the deed of trust to The Bank of New York Mellon Trust Company, N.A., as Trustee for Home Loan Trust 2006-H14, its successors and assigns, on March 10, 2014. The Bank of New York Mellon Trust Company appointed Green Tree Servicing, LLC as its attorney-in-fact to handle the duties necessary under the pooling and servicing agreement for the trust properties.

6. Based on an appraisal conducted at the debtors' request on February 3, 2014, the property is valued at $114,000.00.

7. Upon information and belief, the second lien is wholly unsecured.

8. The plaintiffs filed this adversary complaint on September 17, 2014.

9. Summons and the complaint were served on September 18, 2014, on the defendant's president and registered agent.

10. The time for filing an answer or other response expired on October 18, 2014.

11. No answer or other response has been filed or served by the defendant.

Debtors in Chapter 13 may "strip off" or wholly avoid the lien of a junior lienholder where there is no equity securing the security interest in the property. *Fisette v. Keller (In re Fisette)*, 455 B.R. 177 (B.A.P. 8th Cir. 2011).

The analysis was explained in *Fisette*:

> [T]he Sixth Circuit Court of Appeals provided a helpful summary of the position we follow in this case:
> The message, to recapitulate, is this:
> — Section 1322(b)(2) prohibits modification of the rights of a holder of a secured claim if the security consists of a lien on the debtor's principal residence;
> — Section 1322(b)(2) permits modification of the rights of an unsecured claimholder;
> — Whether a lien claimant is the holder of a "secured claim" or an "unsecured claim" depends, thanks to § 506(a), on whether the claimant's security interest has any actual "value;"
> — If a claimant's lien on the debtor's homestead has a positive value, no matter how small in relation to the total claim, the claimant holds a "secured claim" and the claimant's contractual rights under the loan documents are not subject to modification by the Chapter 13 plan;
> — If a claimant's lien on the debtor's homestead has no value at all, on the other hand, the claimant holds an "unsecured claim" and the claimant's contractual rights are subject to modification by the plan.

*Fisette*, 455 B.R. at 183-184 (quoting *Lane v. W. Interstate Bancorp (In re Lane)*, 280 F.3d 663, 669 (6th Cir. 2002)).

In the present case, there is no dispute that the second lien is wholly unsecured. Accordingly, it may be stripped off.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

There are no material facts in dispute here. The debtors may strip off the wholly unsecured junior lien held by for the purposes of the Chapter 13 plan. However, the lien shall not be avoided until the plaintiffs complete the Chapter 13 plan in its entirety. In the event the Chapter 13 case is converted or dismissed prior to plan completion, the lienholder would continue to hold a valid and unavoided lien secured by the plaintiffs' residential real property. For this reason no documentation of lien avoidance need or shall be recorded until such time as the plaintiffs successfully complete the Chapter 13 plan.

IT IS ORDERED: The plaintiff-debtors' motion for summary judgment (Fil. No. 5) is granted. Separate judgment will be entered.

DATED: March 2, 2015.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Ronald A. Hunter
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.